# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     Case No. 2:17-cr-20327-JTF-tmp |
| | ) |
| EDGAR ALLGOOD, | ) |
| | ) |
|     Defendant. | ) |

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO SUPPRESS
_____

Before the Court is Defendant Edgar Allgood's Motion to Suppress that was filed on March 23, 2018. (ECF No. 28.) The United States responded on April 12, 2018 to which Defendant filed a reply on May 9, 2018. (ECF No. 34.) The motion was referred to the assigned United States Magistrate Judge who conducted a suppression hearing on April 30, 2018. (ECF Nos. 33 & 42.) On August 17, 2018, the Magistrate Judge issued a Report and Recommendation that Defendant's Motion to Suppress should be Granted. (ECF No. 49.) On September 10, 2018, the Government filed objections to the Magistrate Judge's report and recommendation. (ECF Nos. 53, 53-1 & 35.) After a *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation should be Adopted and Defendant's Motion to Suppress Granted.

## I.    FINDINGS OF FACT

The Magistrate Judge provided proposed findings of fact based on the exhibits and testimony regarding the events leading to Defendant's arrest on April 10, 2017 from Memphis Police Officers, James Reed and Courtney Bullard, and witness Kiana Burnett. (ECF Nos. 49, 1-5 & 50.) The Government has filed objections to the report and recommendation, none of

which oppose any of the Magistrate Judge's proposed findings of fact. (ECF No. 34.) As such, the Court adopts the Magistrate Judge's proposed findings of fact of this case. (ECF No. 55, 1–4.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the Magistrate Judge. Motions to suppress evidence are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the District Judge may accept, reject or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den*., 448 U.S. 916 (1980) and 28 U.S.C. §636 (b)(1)(B).

## III. ANALYSIS

The residence in question was leased to Vicki Burnett. Allgood has filed a motion to suppress the evidence seized on the date of his arrest. Allgood asserts that the officers violated

his Fourth Amendment rights by entering and searching Burnett's apartment in response to an anonymous tip, and absent exigent circumstances, a search warrant or Burnett's valid consent. *Steagald v. United States*, 101 S.Ct. 1642, 1644 (1981); *United States v. Jones*, 641 F.2d 425 (6th Cir. 1981). As a result of the illegal entry and search, Allgood argues that the case against him should be dismissed.

In the report and recommendation, the Magistrate Judge addressed whether Allgood lacked "standing" to challenge the validity of the entry and search, whether the officers obtained consent to enter and search the apartment, and whether the Crime Stoppers tip provided the officers reasonable belief or probable cause to believe Allgood was inside the residence. The Magistrate concluded that (1) Allgood has standing to challenge the officers' entry into the apartment and subsequent search; (2) the officers did not obtain valid consent to enter and search Burnett's apartment; and that (3) the officers lacked reasonable belief or probable cause to believe that Allgood was inside the apartment. Based on these conclusions, the Magistrate Judge recommends that Defendant's motion to suppress be granted. (ECF No. 49, 6-16.)

The Government objects to the Magistrate Judge's proposed conclusions of law- that the officers unlawfully entered the residence and conducted the search. As such, the Government requests that Court reject the Magistrate Judge's recommendation to grant the motion to suppress. (ECF No. 53.) The Government asserts that the officers had a reasonable belief that Allgood was inside the residence. This was due to detailed information provided by the tipster to Crime Stoppers on April 9, 2017 and April 10, 2017. The Government argues that the totality of the circumstances justified the officers' actions: the information was received from a confidential source, not an anonymous tip, through Crime Stoppers; that a search warrant was unnecessary

based on the outstanding warrant for Allgood's arrest, and the officers' reasonable belief that Allgood was inside the apartment at the time. (ECF Nos. 53, 1-5 & 53-1.)

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. Searches and seizures inside a home without a warrant are presumptively unreasonable under the Fourth Amendment. *El Bey v. Roop*, 530 F.3d 407, 415 (6th Cir. 2008). However, "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). An arrest warrant is sufficient to enter a residence if the officers, by looking at common sense factors and evaluating the totality of the circumstances, establish a reasonable belief that the subject of the arrest warrant is within the residence at the time. *United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir. 2006).

The Sixth Circuit has held that a search warrant is not necessary to execute an arrest warrant on the premises of a third party when there is "reasonable belief" that the suspect is on the premises at a particular time. *United States v. McKinney,* 379 F.2d 259, 264 (6th Cir. 1967). The reasonable belief standard requires that the officers *first* take steps to reasonably ensure that they are not entering the home of a third party absent *exigent circumstances* or without the *consent* of the resident. Otherwise, law enforcement officers must obtain a search warrant before entering a third party's home. *Ey Bey*, 530 F.3d at 415, 416 (citing *Steagald v. United States*, 415 U.S. 204, 214-15 (1981)) (emphasis added). In addition, law enforcement officers must rely on independent investigation and observations of the premises to determine whether a suspect is actually inside the third party's resident before entering the location. *Pruitt,* 458 F.3d at 483.

"Consent is voluntary when it is 'unequivocal, specific, and intelligently given, uncontaminated by any duress or coercion.'" *United States v. Smith*, No. 08-20201, 2010 WL 4007337 at *8 (W.D. Tenn. Oct. 12, 2010)(quoting *United States v. MaCaleb*, 552 F.2d 717, 721 (6th Cir. 1977)). In determining whether the party's consent to search was valid, courts look at the totality of the circumstances and consider the following factors: "the age, intelligence, and education of the individual; whether the individual understands the right to refuse to consent; whether the individual understands his or her constitutional rights; the length and nature of the detention; and the use of coercive or punishing conduct by the police. *Id.* (*quoting United States v. Ables*, 280 F. App'x 513, 516 (6th Cir. 2008)). "The government has the burden of proving that consent to a search was voluntary though "clear and positive testimony." *United States v. Moon*, 513 F.2d 527, 537 (6th Cir. 2008). A party's consent to search given after unlawful treatment is generally not valid. U.S.C.A. Const. amend. 4.

### *Did the Anonymous Tip Provide Reasonable Belief to Execute a Search?*

The Magistrate Judge determined that the Officers unlawfully entered and searched Burnett's home in violation of Allgood's Fourth Amendment rights. Noting that the Magistrate Judge did not have access to the Crime Stoppers tip, ECF No. 53-1, prior to issuing his report and recommendation, the Government nevertheless objects that the Magistrate Judge incorrectly determined that the officers lacked a reasonable belief to enter and search Burnett's apartment because (1) the officers had received a confidential tip with specific information that linked Allgood to the apartment and; (2) in accordance with the tip, the Officers verified that the associated Gold Nissan was outside the apartment; and (3) M.W., the eleven year old, stated that Edgar Allgood was there. *United States v. Hardin,* 539 F.3d 404, 421 (6th Cir. 2008) (a confidential informant's tip alone did not establish even a lesser belief that Hardin was inside the apartment at the time of the

5

search.) The Government argues that despite M.W.'s inconsistent statements, once M.W. initially advised that Allgood was inside and based on the totality of the circumstances, the officers were justified in entering the apartment. (*Id.* at 4-6.)

First, the Court notes that the Government characterizes the information that was provided to Crime Stoppers in the SCSO Fugitive Report inconsistently. (ECF No. 53, 1, 3& 6.) During the suppression hearing before the Magistrate Judge, the Government stated during its opening statement that an "anonymous tip" was received by law enforcement that Mr. Allgood may be located at 2585 Davey Drive, Apartment 104. (ECF No. 50, 11: 11-14.) Counsel for defense also described the basis for the dispatch to the location arose from an anonymous tip. (ECF No. 50, 13:1-10.) Also, one of the arresting officers, MPD Task Force Member David Hallum, testified during the preliminary hearing in the Shelby County General Sessions Court that the information was provided by an unknown party who did not identify himself (or herself) on the tip line. However, in the Government's objection to the report and recommendation, it submits that the "Officers received a confidential tip with specific information about the defendant and his connection to the apartment. Two subsequent calls were made by the same tipster regarding defendant's presence inside the apartment." (ECF No. 53, 3.)

The Sixth Circuit has addressed the difference between an anonymous tipster and a confidential informant noting that the "distinction is relevant." The phrase confidential informant implies that a tipster's identity is known to the police and is kept confidential which is different from a tip from an anonymous caller. *United States v. Castro*, 364 F. App'x 229, 234-35 (6th Cir. 2010) (citing *United States v. Elkins*, 300 F.3d 638, 651 (6th Cir. 2002)). As such, "tips from known informants have more value than those from unknown ones." Conversely, an anonymous informant should be treated as presumptively unreliable. *Castro*, 364 F. App'x at

235. "By definition nothing is known about an anonymous informant's identity, honesty, or reliability." *Illinois v. Gates*, 462 U.S. 212, 284 (1983). As such, police corroboration of the details of the tip is needed to establish the reliability of the anonymous informant's tips. *Id*. at 285.

In this case, the information relied upon by the officer provided the following:

> **<u>WANTED</u>**
> **Unknown tipster** called to advise they had information on suspect Edgar Lee Allgood Jr about Age 40 who had felony warrants. Officer was unable to locate an offender who matched these criteria. Officer located a warrants number 17802947 for violation of parole but was unable to see if the warrant was misd. or felony. Officer advised tipster if the warrant was misd. the tip would be info only tip. The warrant could only be located in the WASP database. Tipser advised susp. Allgood, Jr. was living at 2585 Davey Dr #104 in the Crockett Place APts off Rangeline Rd in the North Precinct. Tipster advised suspect lives with his girlfriend Vicki Burnett who is a 42 yr old F/B with gold front teeth and about 5/5" and 180 pds. Tipster advised susp. Allgood sells drugs and usually will hide them in the groin area of his boxers. Tipster advised susp Allgood is A/V about 5'6" and 190 pds. Tipster advised susp. drives a gold Nissan Altima and if it is parked in front of the apartment he is inside. Tipster advised susp girlfriend works during the day so the susp. Has to leave the apartment from 5:45 to 7 am and 6 pm to 7 pm to pick her up from work. Tipster advised the suspect usually sells drugs through the night and sleeps at the apartment during the day. (**emphasis added**)
>
> **<u>ADDITIONAL INFORMATION RECEIVED</u>** – 4/9/2017 9:31 AM
> (JBG10894) Tipster called and advised that the suspect also hangs out of these locations. 1400 North Watkins St Apt 4 and 2351 Cliffdale Cove. The tipster advised that the suspect is normally at the location on 2585 Davey but him nor his girlfriend will open the door if police arrive.
>
> **<u>ADDITIONAL INFORMATION RECEIVED</u>** 4/10/2017 7:47 AM
> (ALH11331) Tipster advised that they believe the suspect is at the 2585 davey #104 address currently and the leasing office will provide a key to unlock the door.

Clearly, the information provided to the Crime Stoppers Hotline was from an anonymous tipster or a party who was unknown to the law enforcement officers at the time of the search, as opposed to information that had been provided by a confidential informant, a person known or

having a prior relationship with the authorities. (ECF No. 44, 10-12.) Despite the Government's contention that the anonymous tip was confidential and officers could rely on it, the Sixth Circuit has held that nothing is presumed to be reliable regarding information from an anonymous tipster whose identity, credibility and reliability are all unknown. *Castro*, 364 F. App'x at 235. Corroboration of the tip information is necessary.

The Magistrate Judge specifically found that the officers lacked reasonable belief to enter the apartment that was leased by a third-party solely based on the information provided above by the anonymous source. It is uncontested by the Government that the Defendant was a nonresident of this apartment. (ECF No. 50, 17: 4-6.) Despite lacking a copy of the actual Crime Stoppers anonymous tip, the Magistrate Judge extensively referred to the officers' testimony, which indicated the officers corroborated little of the information provided by the tip. The officers saw a gold Nissan parked outside the apartment but failed to corroborate any of the information provided by the anonymous tipster. (ECF Nos. 43, Exhibit 1, CD, 50-1 & 50, 36:1-6). The officers failed to run the tag of the Nissan prior to entering the apartment to see who the registered owner was or take any other measures to verify if Allgood was present in the apartment. (ECF No. 50, 21: 11-17.)

### *Was a valid consent to search obtained?*

The undersigned Court has viewed *in camera* the disk of the body camera footage taken by Officer Courtney Bullard on the day of Allgood's arrest. Upon knocking at the door, eleven-year-old M.W. opened the door and responded "yes" to the officers' question about Edgar Allgood being present in the apartment. However, the adult leaseholder of the apartment soon arrived at the door and denied knowing anyone by the name of Edgar Allgood or that anyone was in the apartment having that name. (*Id.* at 23, 4-7; 11-6; 71:11-24, 77:1-2; 78:7-11.) She

advised that her mom's boyfriend (also referred to as step-dad) was in the apartment and that his name was "Jay." (*Id*. at 16-17; 50, 50:1- 5, 60: 8-14, 61:1-6, 67: 11-13, 20-22, 70:9-10, 83: 6-8.) Officer Bullard advised Burnett "don't get in trouble- [the 11-year-old] just said Edgar was here", while Burnett testified during the suppression hearing that she felt she had no choice but to allow the officers to search whatever they wanted. (ECF No. 50:45: 1-12, 86: 22-24.)

Suppression hearing testimony and the video footage confirm that the apartment was secure and that the officers had access to both front and back door entrances/exits should anyone attempt to enter or leave the residence. (ECF No. 50, 46: 1-25.) The officers merely relied on the fact that the tipster stated that Allgood sold narcotics and was probably inside of the apartment at that time because the gold Nissan was parked at the apartment. Accordingly, the Government's Objection that the officers had a reasonable belief sufficient to support entry into the apartment is Overruled. *Pruitt,* 458 F.3d at 483.

Although a Consent to Search form was signed by Burnette, ECF No. 34-1, the Government did not object to the Magistrate Judge's finding that Burnette did not give the officers a valid consent to search her home, or that M.W. was inherently unable to consent. (ECF No. 49, 7-9.) It is uncontested, and the body video footage clearly shows that the officers told Burnett that they were going to enter and check to see if Allgood was there. Thus, no consent was given, and the acquisition of the signed consent form was the result of duress.

The Court concludes from the video footage that the officers searched Burnett's apartment for Allgood without her consent. The Court also agrees with the Magistrate Judge that the inherent unreliability of M.W.'s statement coupled with Burnette's more reliable statements that she did not know anyone named Edgar Allgood failed to provide the officers with reasonable belief that Allgood was inside. Further, the Government's attempt to have this Court speculate

into why the eleven-year-old boy gave conflicting statements is not persuasive. (ECF No. 53, 5.) The Government's attempt to use the eleven-year-old's statement regarding "Edgar" being in the apartment to bolster its argument that the officers had reasonable belief is meritless.

After considering the totality of the circumstances, the Court also finds that Burnett did not give the officers consent to search the residence, and the officers did not have a reasonable belief that the Defendant was inside the apartment.

## CONCLUSION

After a *de novo* review of the Magistrate's Report and Recommendation, the Government's objection, in addition to the hearing transcripts and video camera footage, the Court adopts the Magistrate Judge's Report and Recommendation, ECF No. 33, overrules the Government's objection and finds that Defendant's Motion to Suppress, ECF No. 28, should be Granted. All the evidence and statements acquired from the unlawful entry into the third-party residence is suppressed.

**IT IS SO ORDERED** on this 27th day of November 2018.

<u>*s/John T. Fowlkes, Jr.*</u>
John T. Fowlkes, Jr.
United States District Judge